UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) 15-CV-3163 |
| PAT QUINN, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

JOE BILLY MCDADE, U.S. District Judge.

Plaintiff proceeds pro se from his incarceration in Lincoln Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that he was incarcerated for about one year in Logan Correctional Center, until all the male inmates were transferred from Logan to Lincoln Correctional Center in March of 2013. He alleges that he noticed in Logan that his asthma became significantly worse, with coughing and flu-like symptoms, but he did not know why until March 1, 2013, when a small piece of plaster fell from the ceiling, covered in raccoon hair and what Plaintiff believed to be dirt or raccoon feces. The rest of the ceiling looked like it was about ready to fall down. Additionally, black mold lived in many areas of the prison, including the toilets, showers, sinks, and rooms. The ceiling "leaked like a sieve" in snow or rain; paint was peeling everywhere; spiders were everywhere; and, many windows were broken, held together by labels from shampoo bottles and the like. On hot, dry days, the dirt and dust circulating throughout the poorly ventilated prison was allegedly clearly visible in the air. One day a larger piece of plaster along

with a raccoon fell from the ceiling.  (Whether the raccoon was alive or dead is not stated).  The entire roof was replaced after the male inmates were transferred out of Logan, before the female inmates were transferred into Logan.

## ANALYSIS

Inmates must be afforded the "minimal civilized measure of life's necessities[,]" Farmer v. Brennan, 511 U.S. 825, 834 (1994), which includes adequate ventilation and sanitation.  See Budd v. Motley, 711 F.3d 840, 841 (7th Cir. 2013)("broken windows, exposed wiring, extensive rust, sinks without running water, toilets covered in mold and spider webs, and a broken heating system" stated claim); Board v. Farnham, 394 F.3d 469, 486 (7th Cir.2005)(poor ventilation which exacerbated asthma and contributed to detainee's hospitalization survived summary judgment).  Physical harm is not necessarily required to state an Eighth Amendment inhumane conditions claim, though physical injury is required to obtain compensatory damages for emotional suffering.  See Thomas v. State of Illinois, 697 F.3d 612, 614-15 (7th Cir. 2012) (exposure to potential harm from pest

infestation stated claim, but dismissal upheld on other grounds). To succeed on an Eighth Amendment conditions of confinement claim, the deprivation must have been sufficiently serious and the defendants must have been deliberately indifferent to that deprivation.  Farmer, 511 U.S. at 834.

Liberally construing Plaintiff's allegations, the Court cannot rule out a plausible inference that the conditions at Logan were objectively serious enough to violate the Eighth Amendment.  A more developed record will illuminate whether the conditions were merely unpleasant or truly uncivilized.  *See, e.g.,* Sain v. Wood, 512 F.3d 886 (7th Cir. 2008)(affirming summary judgment to defendants on allegations of cockroaches, peeling paint, and malodor).

A plausible inference of deliberate indifference arises at this stage against the defendants who were on site and had the authority to fix the problems.  Plaintiff names Wardens Pierce, Golden, and Roberson, who might have had that knowledge and authority.  Defendant Jeff Short, a maintenance employee, also might have played a part.  However, former IDOC Director Godinez and former Governor Pat Quinn are too far removed to impute liability to them.  George v. Smith, 507 F.3d 605, 609-10 (7th Cir.

2007) ("Only persons who cause or participate in the violations are responsible."); Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

Plaintiff does not specify whether he sues Defendants in their official or individual capacities. The Court will construe Plaintiff's claims as against Defendants in their individual capacities, since Plaintiff seeks money damages. (Complaint p. 8.) A claim against Defendants in their official capacities would be the same as a claim against the State, and the State is immune from a suit for money damages under the Eleventh Amendment. Norfleet v. Walker, 684 F.3d 688, 690 (7th Cir. 2012)(suing prison employee in official capacity is suit against state agency); Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001)(Eleventh Amendment bars claims for money damages against State employees in their official capacities).

**IT IS THEREFORE ORDERED:**

1)   Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth

Amendment claim for inhumane conditions of confinement against Defendants Pierce, Roberson, Golden, and Short in their individual capacities. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2)    Defendants Godinez and Quinn are dismissed for failure to state a claim against them.

    3)    This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    4)    The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

10)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**12)   The clerk is directed to terminate Defendants Godinez and Quinn.**

**13)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

**14)   The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

15) **Plaintiff's motion for counsel is denied (5). Plaintiff appears competent to proceed pro se in light of the relatively simple nature of his claims.** See <u>Pruitt v. Mote</u>, **503 F.3d 647, 654-55 (7th Cir. 2007). He has personal knowledge of the prison conditions and his attempts to rectify those conditions. Additionally, his motion indicates that he has taken some college courses, and his Complaint adequately conveys the factual basis for his claims.**

ENTERED:  10/13/2015
FOR THE COURT:

<u>        s/Joe Billy McDade        </u>
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE